IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS VLACHOS, on behalf
of himself and those similarly situated,

Plaintiff,

vs.

CHOICE ONE COMMUNITY FEDERAL
CREDIT UNION and JOHN DOES 1-10 and
XYZ CORPORATIONS,

Defendants.

Case No: 3:11-cv-00057-RPC

## ANSWER AND AFFIRMATIVE DEFENSES
## TO CLASS ACTION COMPLAINT

AND NOW, comes Defendant Choice One Community Federal Credit Union ("Choice One"), by and through its attorneys, Robb Leonard Mulvihill, LLP and Rhonda J. Sudina, Esquire, and files the following Answer and Affirmative Defenses to Plaintiff's Class Action Complaint averring as follows:

### FIRST DEFENSE

1.  This Defendant admits that the Plaintiff purports to bring an action against this Defendant as described in Paragraph 1 of the Complaint. Defendant denies that this action may be properly brought as a class action and further denies that Defendant has violated the Electronic Funds Transfer Act ("EFTA") and/or its implementing regulations 12 C.F.R. §205 *et seq* as alleged in this paragraph.

2.  The allegations of Paragraph 2 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 2 purports to characterize the provisions of the

R0247182.1

EFTA which is a writing which speaks for itself. As such, the allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 3 purports to characterize the provisions of the EFTA which is a writing which speaks for itself. As such, the allegations of Paragraph 3 are denied.

4.-10. The allegations of Paragraphs 4 through 10 of the Complaint state conclusions of law to which no response is required. Further, Paragraphs 4 through 10 purport to characterize the provisions of the EFTA and its implementing regulations which are writings which speak for themselves. As such, the allegations of Paragraphs 4 through 10 are denied.

11. The allegations of Paragraph 11 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 11 purports to characterize both the provisions of the EFTA and case law, writings which speak for themselves. As such, the allegations of Paragraph 11 are denied.

## Jurisdiction and Venue

12. The allegations of Paragraph 12 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Defendant does business in this jurisdiction.

13. The allegations of Paragraph 13 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. As such, the allegations of Paragraph 13 are denied.

### Parties

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint. As such, the allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15(a) of the Complaint are admitted. The allegations of Paragraph 15(b) and (c) are directed to Defendants other than this Defendant and as such, require no response from this Defendant.

### Facts

16. The allegations contained in Paragraph 16 of the Complaint are admitted.

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint. As such, the allegations of Paragraph 17 are denied.

18. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. As such, the allegations of Paragraph 18 are denied.

19. At all times material hereto, this Defendant complied with the EFTA by posting notice at the ATM advising consumers that a fee may be charged for withdrawing cash. If the notices were removed, the removal was done by parties other than this Defendant and this Defendant was in compliance with the EFTA at all times material hereto.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. As such, the allegations of Paragraph 20 are denied.

R0247182.1

## COUNT ONE: Violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Regulation E, 12 C.F.R. §205.15

21. In response to Paragraph 21 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 20 above as if the same were more fully set forth herein.

22. The allegations of Paragraph 22 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 22 purports to characterize the provisions of the EFTA and case law, writings which speak for themselves. As such, the allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 23 purports to characterize the provisions of the EFTA and its implementing regulations which are writings which speak for themselves. As such, the allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 24 purports to characterize the provisions of the EFTA and its implementing regulations which are writings which speak for themselves. As such, the allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 25 purports to characterize the provisions of the EFTA and its implementing regulations which are writings which speak for themselves. As such, the allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 of the Complaint are denied.

## Class Allegations

27. In response to Paragraph 27 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 26 above as if the same were more fully set forth herein.

28. This Defendant admits that Plaintiff purports to bring this claim as a putative class action. Defendant denies that this action may properly be brought as a class action.

29. This Defendant admits that Plaintiff purports to bring this claim as a putative class action on behalf of the class described in Paragraph 29 of the Complaint. Defendant denies that this action may properly be brought as a class action and denies the allegations of Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 of the Complaint state conclusions of law to which no response is required. As such, the allegations of Paragraph 31 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint state conclusions of law to which no response is required. Further, Paragraph 32 purports to characterize case law which are writings and speak for themselves. As such, the allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 33 of the Complaint. As such, the allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 of the Complaint are denied.

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, the allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. The allegations of Paragraph 39 of the Complaint state conclusions of law to which no response is required To the extent that a response is required, the allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, the allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, the allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 of the Complaint require no response from this Defendant.

## Substantive Violation

44.-47. The allegations of Paragraphs 44 through 47 of the Complaint state conclusions of law to which no response is required. Further, Paragraphs 44 through 47 purport to characterize the provisions of the EFTA and its implementing regulations which are writings which speak for themselves. As such, Defendant denies the allegations of Paragraphs 44 through 47 of the Complaint.

48. The allegations of Paragraph 48 of the Complaint are denied.

49. The allegations of Paragraph 49 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 49 are denied.

50. Paragraph 50 of the Complaint states conclusions of law to which no response is required. Further, Paragraph 50 purports to characterize the provisions of the EFTA and its implementing regulations which are writings which speak for themselves. As such, this Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states conclusions of law to which no response is required. Further, Paragraph 51 purports to characterize the content of a writing which speaks for itself. As such, Defendant denies the allegations of Paragraph 51 of Complaint.

## Damages

52. In response to Paragraph 52 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 51 above as if the same were more fully set forth herein.

53. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 53 and denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 54 and denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

## Attorneys Fees

57. In response to Paragraph 57 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 56 above as if the same were more fully set forth herein.

58. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 58 and denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

## Jury Trial

61. The allegations of Paragraph 61 require no response from this Defendant.

## Other Relief

62. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 62 and denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies that Plaintiff is entitled to any relief and denies the allegations of Paragraph 63.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought in the prayer for relief and/or WHEREFORE clause of the Complaint. Other than those allegations of the Complaint expressly admitted by the Defendant, the Defendant denies each and every other allegation of the Complaint.

R0247182.1

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against this Defendant.

## THIRD DEFENSE

Plaintiff's claims are barred because this Defendant has fully complied with the EFTA and the regulations promulgated by any and all federal agencies regulating this Defendant.

## FOURTH DEFENSE

Any claim by Plaintiff for actual damages is barred as Plaintiff has not suffered any actual damages as a result of any conduct by this Defendant.

## FIFTH DEFENSE

Any losses or damages allegedly sustained by the Plaintiff are *de minimis* and not compensable.

## SIXTH DEFENSE

Plaintiff's EFTA claim is barred by 15 U.S.C. § 1693m(d), because all actions taken by Defendant were done in good faith compliance with rule, Regulation, or interpretation of Board or approval of duly authorized official or employee of Federal Reserve System.

## SEVENTH DEFENSE

Plaintiff's EFTA claim is barred by 15 U.S.C. §1693h(d) because Defendant complied with all notice requirements and any removal, damage or alteration of the notice after initial compliance was by a person other than this Defendant.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

R0247182.1

### NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel, because Plaintiff did not rely upon any conduct by this Defendant in allegedly agreeing to pay the fee.

### TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of consent, because Plaintiff did not rely upon any conduct by this Defendant in allegedly agreeing to pay the fee.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of ratification, because Plaintiff did not rely upon any conduct by this Defendant in allegedly agreeing to pay the fee.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine, because Plaintiff did not rely upon any conduct by this Defendant in allegedly agreeing to pay the fee.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not rely on any conduct by this Defendant in allegedly agreeing to pay the fee.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he seeks any remedy to which Plaintiff is not entitled under the EFTA, 15 U.S.C. §1693m, including but not limited to the cap applicable to alleged class actions set forth at 15 U.S.C. § 1693m(a)(2)(B).

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his alleged damages, if any, due to the fact that he proceeded with the transaction despite the fact that a notice that a fee of $1.00 would be charged appeared on the screen of the ATM .

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that any fee or surcharge was refunded or paid by a third party bank or other financial institution.

## EIGHTEENTH DEFENSE

To the extent that any fee or surcharge was refunded or paid by a third party bank or other financial institution, Plaintiff's claims are barred, in whole or in part, by payment, release and/or accord and satisfaction.

## NINETEENTH DEFENSE

To the extent that any fee or surcharge was refunded or paid by a third party bank or other financial institution, Plaintiff's claims are barred, in whole or in part, by set-off and/or recoupment.

## TWENTIETH DEFENSE

Plaintiff's claim for statutory damages in this case is barred or should be reduced by applicable law or statute or, in the alternative, is unconstitutional insofar as it violates the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the Commonwealth of Pennsylvania. Any law, statute or other

authority purporting to permit the recovery of statutory, penal damages in this case is unconstitutional, facially and as applied, to the extent that, without limitations, it: (1) lacks constitutionally sufficient standards to guide and restrain the Court or jury's discretion in determining whether to award statutory damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in statutory damages; (3) unconstitutionally may permit recovery of statutory damages based on conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to Plaintiff; (4) unconstitutionally may permit recovery of statutory damages in an amount that is both not reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of the resources, net worth or other financial information relating to defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any statutory damages awards; and (7) otherwise fails to satisfy Pennsylvania and U.S. Supreme Court precedent, including, without limitation, State Farm Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513 (2003); BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589(1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032 (1991). Plaintiff's claim for statutory damages is, and any award of statutory damages in this case would be, unconstitutional insofar as such damages are sought to punish this Defendant for the conduct of or injuries to non-parties or otherwise on behalf of absent class members who are not called to testify in this action and who seek to punish this Defendant for others' conduct related to transactions on which the named Plaintiff was not directly involved. See Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007).

### TWENTY FIRST DEFENSE

Plaintiff's claims for statutory damages should be barred or reduced by application of the factors set forth in 15 U.S.C. § 1693m(b).

### TWENTY SECOND DEFENSE

This Defendant acted at all times in good faith and pursuant to reasonable procedures intended to comply with the EFTA in accordance with 15 U.S.C. § 1693m(c).

### TWENTY THIRD DEFENSE

Under applicable law and the due process protections of the U.S. Constitution, the amount of any claimed statutory damages in any putative class action may not exceed the amount of actual damages proven with respect to each alleged class member. 15 U.S.C. § 1693m(a)(2)(B); see also Exxon Shipping Co. v. Baker, 128 S.Ct. 2605 (2008).

### TWENTY FOURTH DEFENSE

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b)(3) and therefore this action cannot properly be maintained as a class action.

### TWENTY FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations. See 15 U.S.C. § 1693m(g).

### TWENTY SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely upon any statements, omissions or conduct of this Defendant, and any alleged statements and/or omissions were not material in nature.

## TWENTY SEVENTH DEFENSE

Plaintiff's cause of action against this Defendant was brought in bad faith or for purposes of harassment, therefore, pursuant to 15 U.S.C. § 1693m(f), this Defendant is entitled to its reasonable attorneys' fees and costs incurred as a result of this action.

## TWENTY EIGHTH DEFENSE

Plaintiff's claim may not properly be maintained as a class action due to the close personal relationship between the named class representative and class counsel.

## TWENTY NINTH DEFENSE

Plaintiff's claim may not properly be maintained as a class action because the named representative is not an adequate representative under Rule 23(a)(4).

## THIRTIETH DEFENSE

Plaintiff's claims may not properly be maintained as a class action because the proposed class is not sufficiently cohesive to satisfy the predominance requirement and identification of potential class members would be extremely burdensome and expensive.

## THIRTY FIRST DEFENSE

Plaintiff's EFTA claim is barred in that this Defendant has fully complied with EFTA notice requirements as a notice was posted on or at the ATM machine and on the screen of the ATM regarding the imposition of a fee pursuant to the requirements of EFTA.

WHEREFORE, this Defendant requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded costs of suit including attorneys fees and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBB LEONARD MULVIHILL

*/s/ Rhonda J. Sudina*
Rhonda J. Sudina, Esquire
Pa. I.D. #41527
BNY Mellon Center
500 Grant Street, 23rd Floor
Pittsburgh, PA 15219
(412) 281-5431